IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 5-10-bk-06853-RNO |
| AHMAD AHMADI, and | : | |
| ANTONELLA AHMADI, | : | |
| | : | CHAPTER 13 |
| Debtors | : | |
| ********************************* | : | ************************************* |
| | : | |
| AHMAD AHMADI, and | : | |
| ANTONELLA AHMADI, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| CITIMORTGAGE, INC., | : | |
| | : | |
| Defendant | : | ADVERSARY NO. 5-11-ap-00285-RNO |

# OPINION[1]

Presently pending before the Court is a Motion to Dismiss filed by the Defendant, CitiMortgage, Inc ("Defendant"). The Motion seeks to dismiss the Amended Adversary Complaint filed by the Debtor/Plaintiffs, Ahmad and Antonella Ahmadi ("Debtors"). For the reasons stated herein, the Motion to Dismiss is granted in part and denied in part.

**I.   Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

**II.   Facts and Procedural History**

The Debtors filed their Chapter 13 bankruptcy petition on August 23, 2010. On May 25, 2011, they filed this Adversary Proceeding. By stipulation, the Defendant's time to respond to

---

1    Drafted with the assistance of Ryan B. White, Esquire, Law Clerk.

the initial Complaint was extended, and prior to any response, on August 24, 2011, the Debtors filed the Amended Complaint currently before me. The Debtors' Amended Complaint contains four Counts against the Defendant. Counts One and Two are objections to Proofs of Claim 3-2 and 4-1, both of which are claims for mortgages on the Debtors' real property 35 Mountain View Drive, Stroudsburg, Pennsylvania, 18360 ("Property").

The parties agree that on August 25, 2006, the Debtors were granted two loans from Mortgage IT for the purchase of the Property. See, Debtor's Am. Compl., Doc. 7, Def.'s Mot. to Dismiss 1-2. Contemporaneously, the Debtors granted a first mortgage and a second mortgage to Mortgage Electronic Registration Systems ("MERS"). *Id.* Proof of Claim 3-2 purports to represent the first mortgage on the Property, while Proof of Claim 4-1 represents the second mortgage. These two Counts seek disallowance of the Defendant's Proofs of Claim under 11 U.S.C. § 502(b).[2] The Debtors have alleged that both Proofs of Claim are deficient in several ways, including:

> -that they were not executed by a person with personal knowledge of the claims;
> -that they were filed without annexing the respective powers of attorney;
> -that there is nothing attached to indicate that the individuals who executed the attached mortgage assignments were duly authorized to assign them;
> -that they fail to comply with the Federal Rules of Bankruptcy Procedure; and,
> -that the notes executed by the Debtors are not enforceable against the Debtors or their Property as a result of a bankruptcy discharge previously granted to the Debtors.

Debtor's Am. Compl., Doc. 7, 5-7.

Count Three seeks damages against the Defendant for alleged violations of the Truth in Lending Act. The Debtors have alleged that the Defendant violated provisions of the act by

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Case 5:11-ap-00285-RNO    Doc 15    Filed 04/06/12    Entered 04/06/12 13:11:17    Desc
Main Document      Page 2 of 15

failing to notify them when a new creditor received a transfer of their mortgage loans. Finally, Count Four seeks damages for alleged violations of the automatic stay. In this Count, the Debtors have alleged that the Defendant violated the stay when it recorded assignments of the mortgages during the pendency of the Debtors' bankruptcy. The Defendant has moved to dismiss all of the Counts of the Amended Complaint for failing to state any claims upon which relief can be granted. Both the Debtors and the Defendant have filed briefs in support of their respective positions.

**III. Discussion**

  **A. Standard to Decide a Motion to Dismiss Under F.R.B.P. 7012(b)**

Federal Rule of Bankruptcy Procedure 7012(b) incorporates, and makes applicable to bankruptcy adversary proceedings, Rules 12(b)-(i) of the Federal Rules of Civil Procedure. Rule 12(b)(6) requires dismissal of a complaint which fails to state a claim upon which relief can be granted. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008. Factual allegations in the complaint should be treated as true and construed in the light most favorable to the non-moving party. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1410 (3d Cir. 1991).

  The standards for considering a dismissal motion under Rule 12(b)(6) have been discussed at length in two recent Supreme Court decisions. In 2007, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) was decided. Its holding was clarified by the Court two years later in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly*, the Supreme Court explained, "[w]hile a complaint attacked by a Rule

3

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Twombly* at 554, (quotations and citations omitted). The Court further elaborated in *Iqbal*:

> [A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, at 1949, (internal citations and quotations omitted).

### B. Matters Outside the Pleadings

As a general rule, courts may not consider matters extraneous to the pleadings while considering a motion to dismiss. This is in accordance with Federal Rule of Civil Procedure 12(d):

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Federal Rule of Civil Procedure 7(a), incorporated by Federal Rule of Bankruptcy Procedure 7007 defines pleadings as a complaint, an answer, or a court ordered reply to an answer. Fed. R. Civ. P. 7(a) and courts have construed this rule narrowly. See *Chase Manhattan Bank v. BCE Mobile Communications, Inc.*, 722 F.Supp.2d 505, 506-507 (D.Del.

2010). Courts have recognized three exceptions to the general rule: 1) where a document is integral to or explicitly relied on in the complaint; 2) exhibits attached to the complaint; and, 3) matters of public record. *In re Tarragon Corp.*, 2012 WL 71597, 3-4 (Bankr. D.N.J. 2012). See also *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997); and, *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The Defendant, in its Motion to Dismiss, supports its claims with various extraneous documents related to the Property. These documents have been attached as exhibits to the Motion and include a deed, mortgages, and notes, as well as various business records of the Defendant. The Defendant would have the Court consider these documents in considering whether to grant or deny the Motion to Dismiss. The Debtors have objected to consideration of any facts or materials outside of the Complaint, the documents attached to the underlying Proofs of Claim, and other matters of public record subject to judicial notice. See Debtors' Mem. in Opp'n to Mot. to Dismiss 2-5. I find that the documents attached by the Defendant fail to meet any of the exceptions to the general rule prohibiting a court from considering matters outside the pleadings. Therefore, I will not consider them in measuring the sufficiency of the Amended Complaint.

C. **Counts One and Two, Objections to Proofs of Claim**

The first two Counts in the Amended Complaint are objections to the Defendant's Proofs of Claim 3-2 and 4-1. As both parties have correctly articulated in their Briefs, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure create a shifting burden of proof in the claims allowance process. Initially, § 502 provides that a proof of claim is "deemed allowed" unless a

5

party in interest objects. Upon objection, the burdens of proof may shift. The Third Circuit explained the shifting burden of proof in *In re Allegheny Intern., Inc.*:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

*In re Allegheny Intern., Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992).

Federal Rule of Bankruptcy Procedure 3001(f)[3] allows a presumption of *prima facie* validity to a proof of claim filed in accordance with the rules. The relevant rules are found in Rule 3001(a)-(e). Bankruptcy Judge Frank of Pennsylvania's Eastern District summarized these rules stating:

> Rule 3001(a) requires that the proof of claim "conform substantially to the appropriate Official Form," which is Official Form No. 10. Rule 3001(b) requires that the proof of claim be executed by the creditor or the creditor's authorized agent. Rule 3001(c) provides that if a claim is "based on a writing," a copy of the writing be attached to the proof of claim unless it has been lost or destroyed, in which case a statement of the "circumstances of the loss or destruction" must be filed with the claim. Rule 3001(d)

---

[3] An amendment to Federal Rule of Bankruptcy Procedure 3001 went into effect on December 1, 2011. As this case was filed, briefed, and taken under advisement prior to the effective date of the amendments, all references to the Rules will be those in effect prior to the amendments.

6

> provides that if the claimant asserts that it holds a security interest in property of the debtor, the proof of claim "shall be accompanied by evidence that the security interest has been perfected." Rule 3001(e) addresses certain obligations of holders of claims that were transferred to the holder.

*In re O'Brien*, 440 B.R. 654, 660 (Bankr. E.D.Pa. 2010). "If the evidentiary presumption provided by Rule 3001(f) applies, it remains in force even after an objection to a claim is filed." *In re Sacko*, 394 B.R. 90, 98 (Bankr. E.D.Pa. 2008). If, however, a claimant's proof of claim fails to adhere to the rules, it is not simply disallowed; it merely loses any presumption of *prima facie* validity. Further, a claim may only be disallowed for reasons set forth in § 502(b), and not for failure to comply with Rule 3001. *In re Sacko*, 394 B.R. at 98 (citing *In re Kirkland*, 379 B.R. 341, 344 (10th Cir. B.A.P. 2007)). Without the *prima facie* presumption, the burden of proof shifts back to the claimant to prove its claims by a preponderance of the evidence. See, *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D.Pa. 2008). Accordingly, with any objection to a proof of claim, the key inquiry is whether the presumption of *prima facie* validity has been established, and if so whether that presumption has been rebutted.

In this case, the Debtors have asserted that the Proofs of Claim are deficient in several ways. Of key interest to me, are the allegations that the Proofs of Claim do not comply with Rule 3001 and Official Form B10 because the Defendant did not properly evidence its security interests and, as such, they are not entitled to the presumption of *prima facie* validity. Additionally, the Debtors have alleged that the security interests are not enforceable against the Debtors because of their previous bankruptcy discharge. The Defendant has contrarily asserted that its Proofs of Claim have been properly filed in accordance with the rules and, therefore, should be entitled to a presumption of *prima facie* validity. Accordingly, I will next consider

7

whether the Defendant's Proofs of Claim have been filed in accordance with the rules entitling them to a presumption of *prima facie* validity.

### 1. Proof of Claim 3-2

Among the allegations the Debtors have made is that Proof of Claim 3-2 ("Claim 3-2") has not been filed with the proper evidence that the security interest has been perfected. Both Rule 3001(d) and Official Form B10, require that a proof of claim be filed with evidence that the security interest has been perfected. *In re O'Brien*, 440 B.R. at 660. After reviewing Claim 3-2, I must agree with the Debtors. It is unclear to me whether the security interest has been properly perfected. Claim 3-2 was filed with twenty-four pages of documents. A sixteen-page mortgage relating to the Property was included on pages four through nineteen of the documents. On page twenty of the documents, a Certification Page from the County of Monroe represents that a mortgage was recorded on September 8, 2006, with the Recorder of Deeds. The Certification Page, which is stamped as recorded in Book 2280, Page 4226, indicates that the mortgage was recorded in Book 2280, at Starting Page 4215, with twelve total pages. The discrepancy between the actual number of pages of the Mortgage and the number of total pages represented as having been recorded on the Certification Page require me to question what actually was recorded. Moreover, the Mortgage itself is also lacking any common indicia of recording information, such as a book and page stamp, as is found on the Certification Page, on any of its pages. The documents as they are filed are insufficient for me to recognize as evidence that the security interest has been perfected. Without such evidence, the proof of claim fails to comply with the rules. Accordingly, it cannot be granted the presumption of *prima facie* validity pursuant to Rule 3001(f).

8

## 2. Proof of Claim 4-1

The Debtors have made similar allegations that Proof of Claim 4-1 ("Claim 4-1") also does not conform to the rules. I find it to be similarly lacking. Again, it is unclear to me, after a review of the documents attached to Claim 4-1, whether the security interest was properly perfected. Claim 4-1 was filed with thirteen pages of documents. Included is an eight-page mortgage relating to the Property, on pages four through eleven of the documents. Again, attached immediately after the documents is a Certification Page from the County of Monroe representing that a mortgage was recorded on September 8, 2006, with the Recorder of Deeds. The Certification Page for Claim 4-1 is stamped as recorded in Book 2280, Page 4192. It indicates that the mortgage was recorded in Book 2280, at Starting Page 4167, with twenty-six total pages. Again, there is a discrepancy between the number of pages actually recorded and the total number of pages of the mortgage. Further, on the first page of the mortgage attached to Claim 4-1, is a recording stamp indicating Book 2280, Page 4215; no other pages of the mortgage have recording stamps. Curiously, the book and page number on the mortgage attached to Claim 4-1 matches the starting page indicated on the Certification Page attached to Claim 3-2. I will not speculate as to what may have caused these discrepancies, as with Claim 3-2, I simply cannot recognize Claim 4-1 as having been filed with evidence that the security interest has been perfected. Since Claim 4-1 also does not comply with the rules, I cannot afford it a presumption of *prima facie* validity under Rule 3001(f).

### 3. Lack of *Prima Facie* Validity

As I indicated previously, the claim allowance process in § 502 provides a shifting burden of proof which rests upon different parties at different times. Initially, the claimant is required to allege facts sufficient to support the claim and where there are sufficient facts the claim is granted a presumption of *prima facie* validity. Here, the Defendant's Proofs of Claim 3-2 and 4-1 are not entitled to a presumption of *prima facie* validity, and accordingly the Defendant's Motion to Dismiss is denied as to Counts One and Two of the Amended Complaint. Consequently, the Defendant shall be required to answer Counts One and Two of the Amended Complaint.

### D. Count Three, Truth in Lending Act Violation

The Defendant has also sought to dismiss the Debtors' claim of a violation of the Truth in Lending Act ("TILA"). In 2009, Congress passed the Helping Families Save Their Homes Act ("Act") to address problems within the national real estate market. The Act incorporated "a variety of new measures designed to reduce foreclosures, preserve home ownership, and fight the contraction of the real estate market." *Robinson v. Wells Fargo Bank, N.A.*, 2010 WL 2534192, 5 (D.Ariz. 2010). Among these was an amendment to TILA; a new subsection was added to 15 U.S.C. § 1641 requiring purchasers of a mortgage loan to provide notice of the new ownership to a borrower. Pub. L. No. 111–22, § 404, 123 Stat. 1632, 1649 (2009). The amendment became effective May 20, 2009. As amended, § 1641(g) of TILA provides:

> (g) Notice of new creditor
> (1) In general
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor

>                            that is the new owner or assignee of the debt shall
>                            notify the borrower in writing of such transfer,
>                            including--
>                                    (A) the identity, address, telephone
>                                    number of the new creditor;
>                                    (B) the date of transfer;
>                                    (C) how to reach an agent or party
>                                    having authority to act on behalf of
>                                    the new creditor;
>                                    (D) the location of the place where
>                                    transfer of ownership of the debt is
>                                    recorded; and
>                                    (E) any other relevant information
>                                    regarding the new creditor.
>                            (2) Definition
>                            As used in this subsection, the term "mortgage
>                            loan" means any consumer credit transaction that is
>                            secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g). Courts have found that the statute is plain and not ambiguous and, as such, have interpreted it to require that plaintiffs in TILA actions must merely prove that a new creditor has not strictly complied with the statutory requirements. See *Sakala v. BAC Home Loans Servicing, LP.*, 2011 WL 719482, 8 (D.Hawai'i 2011); *Salmo v. PHH Mortg. Corp.*, 2011 WL 2682151, 2 (C.D.Cal. 2011); and, *Derusseau v. Bank of America, N.A.*, 2011 WL 5975821, 5 (S.D.Cal. 2011).

In the Amended Complaint, the Debtors have asserted that the Defendant violated the requirements of TILA by failing to give them notice of consumer credit transactions secured by their principal dwelling. The Debtors indicate that Claims 3-2 and 4-1 both show that a mortgage was sold or otherwise transferred or assigned after the effective date of the Act's amendment to TILA. While considering the Defendant's Motion to Dismiss, I view the facts plead in the light most favorable to the Debtors.

The Defendant has not disputed that it did not provide notice to the Debtors. Instead, the

11

Defendant has argued that notice was not necessary. First, by asserting that the Debtors have already admitted that the Defendant was the holder of both mortgages on Schedule D which they filed in their 2008 bankruptcy case. Second, the Defendant has claimed that it has documentation reflecting that it was the holder of both promissory notes as of December 7, 2006, well before the effective date of the TILA amendments. Finally, the Defendant claims that the Debtors have erred by pointing to the assignments of mortgage as a basis for their claims and have argued that Pennsylvania law does not require a written assignment to effectively transfer ownership of a mortgage obligation.

As more fully explained above, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. On this Count, the Debtors have provided this to the Defendant. The amendment to TILA which became effective on May 20, 2009, requires a purchaser or assignee of a mortgage loan to notify the borrower of the transfer within thirty days. Each of the assignments of mortgage attached to Proofs of Claim, 3-1, 3-2, and 4-1, which were filed by the Defendant, indicate execution dates which are after the effective date of the subject amendment to TILA. The assignment of mortgage attached to Proof of Claim 3-1 indicates that Mortgage Electronic Registrations Systems, Inc., ("MERS") assigned to the Defendant a mortgage executed by the Debtors in the amount of $208, 000.00, on September 30, 2010. The assignment of mortgage attached to Claim 3-2 indicates that MERS assigned to the Defendant a mortgage executed by the Debtors in the amount of $208,000.00, on March 2, 2010. Likewise, the assignment of mortgage attached to Claim 4-1 indicates that MERS assigned to the Defendant a mortgage executed by the Debtors in the amount of $52,000.00, on October 18, 2010.

12

TILA however, is concerned with "the date on which a mortgage loan is sold or otherwise transferred or assigned." 15 U.S.C. § 1641(g). On what date were these mortgages sold to the Defendant? The Defendant claims that it was December 7, 2006, however, I have no evidence before me to substantiate this claim. The alleged documentation purporting to evidence this date of ownership was presented as a matter outside of the pleadings and, therefore, I may not consider it when measuring the sufficiency of the Amended Complaint. Again, I must view the facts in the light most favorable to the Debtors. The Debtors' Amended Complaint alleges that both claims three and four assert that a mortgage loan was sold, or otherwise transferred, or assigned after May 19, 2009. See Am. Compl. 8. The only evidence before me are the recorded assignments attached to the Proofs of Claim, and these comport with the Debtors' allegations. On their face, each of the assignments indicates a date after the effective date of the amendment to TILA and, thus, the Defendant should have provided the requisite notice. Consequently, the Motion to Dismiss Count Three, the Debtors claim under TILA, is denied. The Defendant shall be required to answer Count Three of the Amended Complaint.

> **E.** **Count Four, Violation of the Automatic Stay**

The Defendant also seeks to dismiss the final Count of the Amended Complaint, Count Four. It alleges that the post petition mortgage assignments incorporated in Proofs of Claim 3-1, 3-2, and 4-1 violated § 362(a)(4) and (5) of the Bankruptcy Code. Section 362(a) provides, in part, an automatic stay which precludes:

> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

13

11 U.S.C. § 362. The Debtors have argued that the conduct of executing and recording an assignment by the Defendant was a "blatant attempt to create perfect or enforce against property of the debtor and the estate as well as to collect a claim." Debtors' Mem. in Opp'n to Mot. to Dismiss, 11. However, the Debtors have not cited any cases or authority for this position. I, likewise, have not found any cases that so hold. While no courts within the Third Circuit appear to have spoken on this point, courts elsewhere have held that a post petition assignment of a mortgage and note do not violate the automatic stay:

> The postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor. Nor is the postpetition assignment of a mortgage and the related note an act to collect a debt; the assignment merely transfers the claim from one entity to another.

*In re Samuels*, 415 B.R. 8, 22 (Bankr. D.Mass. 2009). See also *In re Patton*, 314 B.R. 826, 834 (Bankr. D.Kan. 2004), *In re Kunze*, 459 B.R. 468, 473 (Bankr. D.Kan. 2011) (collecting cases finding that the transfer of a mortgage from one lender to another does not involve a transfer of an interest in the property of the debtor or property of the bankruptcy estate).

I agree with the other courts that have spoken on this point. The assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. Accordingly, an assignment of a mortgage and note is not an act to create, perfect, or enforce a lien against property of the estate or property of the debtor. As no other allegations have been made that the Defendant otherwise has taken any action to create, perfect, or enforce a lien against property of the estate or property of the Debtor, the contention that the Defendant violated the automatic stay is unwarranted. Therefore, I will grant the Defendant's Motion to Dismiss Count Four of the Amended Complaint.

**IV.    Conclusion**

Consistent with the reasoning given above, the Motion to Dismiss is granted as to Count Four of the Amended Complaint and is denied as to Counts One, Two and Three. The Debtors are granted leave to amend Count Four which was dismissed. The Debtors, if they so choose, may file an amended complaint within fourteen (14) days of the date of this Opinion. The Defendant shall then file a responsive pleading to any subsequently amended complaint within twenty-one (21) days. If no subsequent amended complaint is filed, the Defendant shall answer Counts One, Two and Three of the Amended Complaint within thirty-five (35) days of the date of this Opinion.

An Order will follow.

By the Court,

*[signature]*

Date: April 6, 2012

Robert N. Opel, II, Bankruptcy Judge

(BI)